STONE, Judge.
After setting aside the appellant’s previous sentence on the authority of Smith v. State, 537 So.2d 982 (Fla.1989), the trial court sentenced him to seventy-five years in prison for attempted murder, with sentences on other counts to run concurrent. We reverse as it was error to sentence appellant to more than the forty year maximum sentence allowed for a life felony under section 775.082(3)(a), Florida Statutes (1983). The statute reads:
(3) A person who has been convicted of any other designated felony may be punished as follows:
(a) For a life felony committed prior to October 1, 1983, by a term of imprisonment for life or for a term of years not less than 30 and, for a life felony committed on or after October 1, 1983, by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years.
The crime was committed in May 1984. The state argues that section 775.082(3)(a) as amended in 1983 is invalid if applied to a defendant whose offense occurred prior to the effective date of the sentencing guidelines and who elected not to be sentenced under the guidelines. The state reasons that the 1983 amendment to this statute imposing the forty year limitation is inextricably interrelated with the contemporaneous enactment of the sentencing guidelines. The guideline provisions enacted in 1983 were subsequently deemed effective only as of July 1, 1984. Smith v. State.
We hold that there is no such linkage and that the appellant’s sentence must conform to the statute as amended. We therefore reverse appellant’s sentence and remand for resentencing.
WARNER and POLEN, JJ., concur.